UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
           :
UNITED STATES OF AMERICA
           :    CONSENT PRELIMINARY ORDER
    - v. -                           OF FORFEITURE AS TO
           :    SPECIFIC PROPERTY/MONEY
RAIMOL PEREZ-FELIZ,              JUDGMENT
    a/k/a "Tenaza,"         :
                                   24 Cr. 088 (JSR)
        Defendant.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about February 16, 2024, RAIMOL PEREZ-FELIZ a/k/a "Tenaza" (the "Defendant"), was charged in a six-count Sealed Indictment, 24 Cr. 088 (JSR) (the "Indictment"), with distribution of narcotics, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2 (Counts One, and Three through Six); and firearms use, carrying, and possession, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Two);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Three through Six of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Three through Six of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses charged in Counts One and Three through Six, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three through Six of the Indictment;

WHEREAS, on or about August 30, 2023, the NYPD obtained the following from the Defendant:

    a. One (1) American Arms Inc. AP-9, 9mm Pistol, Serial Number 037555;

    b. Twenty-Five (25) 9mm caliber bullets; and

    c. One 9mm Glock magazine;

(a. through c., collectively, the "Specific Property");

WHEREAS, on or about July 1, 2024, the Defendant pled guilty to Count One Of the Indictment, pursuant to an agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Sections 853, a sum of money equal to $5,800 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment, and all of his right title and interest in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $5,800 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property used, or intended to be used in any manner or part to commit, or to facilitate the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Matthew J. King, of counsel, and the Defendant and his counsel, Hannah McCrea, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $5,800 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, RAIMOL PEREZ-FELIZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii)

shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     July 1, 2024
MATTHEW J. KING                            DATE
Assistant United States Attorney
26 Federal Plaza,
New York, NY 10278
(212) 637-2384


RAIMOL PEREZ-FELIZ

By: _____     7/1/24
RAIMOL PEREZ-FELIZ                         DATE


By: _____     7/1/24
HANNAH McCREA, ESQ.                        DATE
Attorney for Defendant
52 Duane Street, 10th Floor
New York, NY 10007
(212) 417-8724


SO ORDERED:

_____          7/1/74
HONORABLE JED S. RAKOFF                    DATE
UNITED STATES DISTRICT JUDGE